T.C. Summary Opinion 2010-173

UNITED STATES TAX COURT

MOHAMED M. MAGAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6909-09S.                Filed December 13, 2010.

Mohamed M. Magan, pro se.

<u>Jeffrey A. Schlei</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2007 Federal income tax of $5,871.

The issues for decision are:

(1)  Whether petitioner is entitled to dependency exemption deductions for his two nieces;

(2)  whether petitioner is entitled to the earned income credit for his two nieces; and

(3)  whether petitioner is entitled to the child tax credit and an additional child tax credit for his two nieces.

## Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.  Petitioner resided in the State of California when the petition was filed.  Petitioner has limited English proficiency, and his testimony was given through an interpreter at trial.

In January 2007, petitioner moved from the State of Minnesota to the State of California in order to be closer to his sister and her family.  Throughout 2007 petitioner's sister was married and lived with her husband and five children in a single-family home.  Petitioner's sister was a stay-at-home mom and her

husband was a full-time student who only started working in late 2007.

From January to August 2007, petitioner worked nights. Although petitioner did not live with his sister and her family during this time, he would spend much of his time at their home helping with childcare and doing the family's errands. In addition to assisting with childcare and errands, petitioner also provided his sister's family with financial assistance.

In August 2007, petitioner obtained a job located far away from where his sister and her family lived. For the remainder of 2007, petitioner was unable to help his sister with child care and errands, but he continued to provide financial assistance.

Petitioner's 2007 Federal income tax return was completed by a professional tax return preparer. On the return petitioner claimed two dependency exemption deductions, the earned income credit, and the child tax credit and additional child tax credit for two nieces (his sister's daughters).

In a notice of deficiency, respondent denied the dependency exemption deductions, the earned income credit, and the child tax credit and additional child tax credit.

## Discussion

### A. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those

determinations are erroneous.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proof to establish that he or she is entitled to any deduction or credit claimed.  Rule 142(a); <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability.  Petitioner did not allege that section 7491 applies, nor did he introduce the requisite evidence to invoke that section; therefore, the burden of proof remains on petitioner.

B.  <u>Dependency Exemption Deductions</u>

In general, a taxpayer may claim a dependency exemption deduction "for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year."  Sec. 151(a), (c).  Section 152(a) defines a dependent to include a "qualifying child" or a "qualifying relative."  A qualifying child must, inter alia, share the same principal place of abode as the taxpayer for more than one-half of the year in issue.  Sec. 152(c)(1)(B).  A qualifying relative must not, inter alia, be a qualifying child of another taxpayer for the year in issue.  Sec. 152(d)(1)(D).

Petitioner claims that he is entitled to dependency exemption deductions for his two nieces because he provided financial assistance, as well as help with child care and the family's errands. We commend petitioner for contributing to the support of his sister's family. However, he has not demonstrated that he and his nieces shared the same principal place of abode for any portion, much less for more than one-half, of the taxable year in issue. See sec. 152(c)(1)(B). In addition, petitioner's nieces are the qualifying children of petitioner's sister and her husband for the year in issue. See sec. 152(d)(1)(D). Accordingly, we hold that petitioner is not entitled to dependency exemption deductions for his nieces for 2007.

C. Earned Income Tax Credit

In the case of an eligible individual, section 32(a)(1) allows an earned income credit. An "eligible individual" includes an individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i).[2] As relevant herein, a "qualifying child" means a qualifying child as defined in section 152(c). Sec. 32(c)(3). However, as we have just concluded, petitioner

---

[2] An eligible individual also includes an individual who does not have a qualifying child. See sec. 32(c)(1)(A)(ii). However, an earned income credit is available to such an individual only if his or her adjusted gross income is less than $12,590. See Rev. Proc. 2006-53, sec. 3.07(1), 2006-2 C.B. 996, 1000. Because petitioner's adjusted gross income exceeded that amount in 2007, petitioner is not entitled to an earned income credit for that year without a qualifying child.

did not have a qualifying child as defined in section 152(c) in 2007. Accordingly, we hold that petitioner is not entitled to an earned income credit for 2007.

D. Child Tax Credit and Additional Child Tax Credit

Section 24(a) allows taxpayers a credit against tax imposed for each qualifying child. The term "qualifying child" is defined by section 24(c)(1) to mean a qualifying child of the taxpayer as defined in section 152(c) who has not attained the age of 17. Section 24(d) provides that a portion of the credit may be refundable, which portion is commonly referred to as the additional child tax credit. As we have previously concluded, petitioner did not have a qualifying child as defined in section 152(c) in 2007; accordingly, we hold that he is not entitled to a child tax credit or an additional child tax credit for 2007.

Conclusion

We have considered all of the arguments made by petitioner, and, to the extent that we have not specifically addressed those arguments, we conclude that the arguments do not support results contrary to those reached herein.

To reflect the foregoing,

Decision will be entered

for respondent.